IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SPRINGBOARDS TO EDUCATION, INC., § | |
| *Plaintiff*, § | |
| § | Civ. Action No. 7:16-CV-524 |
| v. § | |
| § | |
| NORA GALVAN, and § | |
| PHARR-SAN JUAN-ALAMO § | |
| INDEPENDENT SCHOOL DISTRICT, § | |
| *Defendants*. § | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S STATE LAW CLAIMS**

**Darren G. Gibson**
Attorney-in-charge
State Bar No. 24068846
Southern District No. 1041236
O'Hanlon, McCollom & Demerath, P.C.
808 West Avenue
Austin, Texas 78701
Tel: (512) 494-9949
Fax: (512) 494-9919

***Attorney for Defendants***

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II.     STATEMENT OF ALLEGED FACTS ............................................................................. 2

III.    STATEMENT OF THE ISSUES ....................................................................................... 3

IV.   SUMMARY OF THE ARGUMENT ................................................................................. 4

V.     ARGUMENT AND AUTHORITY .................................................................................... 4

        A.     Springboards' claim against PSJA for alleged violations of the Texas Anti-Dilution State is barred by governmental immunity. ................................................. 4

        B.     Springboards' tort claims against PSJA ISD are barred by the Texas Tort Claims Act. ................................................................................................... 5

        C.     Springboards' tort claims against Galvan are barred by Section 101.106(e) of the Texas Tort Claims Act. ............................................................... 6

        D.     Springboards' state law claims against Galvan fail because Galvan is immune under section 22.0511 of the Texas Education Code. ............................ 7

VI.   CONCLUSION .................................................................................................................. 9

CERTIFICATE OF SERVICE ..................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 3

*Chessir v. Sharp*,
    19 S.W.3d 502 (Tex. App.- Amarillo 2000, no pet.) ................................................. 8

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..................................................................................................... 3

*Downing v. Brown*,
    935 S.W.2d 112 (Tex. 1996) ...................................................................................... 8

*Ethio Express Shuttle Serv. v. City of Houston*,
    164 S.W.3d. 751 (Tex. App.- Houston 2005, no pet.) ............................................ 4, 6

*Federal Sign v. Texas S. Univ.*,
    951 S.W.2d 401 (Tex. 1997) ...................................................................................... 5

*Forgan v. Howard Co., Tex.*,
    494 F.3d 518 (5th Cir. 2007) ...................................................................................... 5

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*,,
    283 S.W.3d 838 (Tex. 2009) ...................................................................................... 5

*Hughes v. Tobacco Inst., Inc.*,
    278 F.3d 417 (5th Cir. 2001) ...................................................................................... 3

*Iqbal v. Ashcroft*,
    556 U.S. 662 (2009) ................................................................................................... 4

*Kobza v. Kutac*, ,
    109 S.W.3d 89 (Tex. App.- Austin 2003, pet. denied) .............................................. 8

*Mission Consol. Indep. School Dist. v. Garcia*,
    253 S.W.3d 653 (Tex. 2008) ................................................................................... 4, 7

*Naranjo v. Southwest I.S.D.*,
    777 S.W.2d 190 (Tex.App.- San Antonio, 1989, writ denied) .................................. 6

*Norris v. Hearst Trust*,
    500 F.3d 454 (5th Cir. 2007) ...................................................................................... 8

*Reata Constr. Corp. v. City of Dallas*,
    197 S.W.3d 371 (Tex. 2006) ...................................................................................... 4

*St. Paul Mercury Ins. Co. v. Williamson*,
    224 F.3d 425 (5th Cir. 2000) ...................................................................................... 3

*Tex. Dep't of Criminal Justice v. Miller*,
    51 S.W.3d 583 (Tex. 2001) ........................................................................................ 5

*Tex. Nat. Resource Cons. Comm'n v. IT-Davy*,
    74 S.W.3d 849 (Tex. 2002) ........................................................................................ 5

**Statutes**

15 U.S.C. § 1051, *et. seq.*................................................................................................... 1, 3

Tex. Bus. & Com. Code § 16.103 ................................................................................. 2, 3, 5

Tex. Civ. Prac. & Rem. Code § 101.106 ............................................................................. 4, 7

Tex. Civ. Prac. & Rem. Code § 101.051 ................................................................................. 6

Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.057 ............................................................. 4, 6

Tex. Educ. Code §§ 22.0511 ................................................................................................ 4, 8

Tex. Gov't. Code §§ 311.034 .................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 2, 3

Fed. R. Evid. 201(b)(2) .............................................................................................................. 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § | |
| *Plaintiff*, | § | |
| | § | Civ. Action No. 7:16-CV-524 |
| v. | § | |
| | § | |
| NORA GALVAN, and | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S STATE LAW CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Nora Galvan ("Galvan") and Pharr-San Juan-Alamo Independent School District ("PSJA") hereby file this Motion to Dismiss Plaintiff's state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     NATURE AND STAGE OF PROCEEDINGS**

This is a trademark infringement case brought by Plaintiff Springboards to Education, Inc. ("Springboards") against Defendants PSJA, a public-school district, and Galvan, PSJA's Library Coordinator. By this action, Springboards alleges that PSJA and Galvan have engaged in a counterfeiting scheme to manufacture and sell products and services throughout the State of Texas that infringe upon Springboard's "Millionaire Reader" trademark and related trademarks. (Doc. 1, Orig. Complt. ¶¶ 2-15.) Based on these allegations, Springboards brings federal trademark claims against Defendants under various provisions of the Lanham Act, 15 U.S.C. §1051 et seq. (*Id.* ¶¶22-55.) In addition, Springboards asserts state-law claims under the Texas

1

Anti-Dilution Statute, Tex. Bus. & Com. Code §16.103, and common law claims against Defendants for trademark infringement and unfair competition. (*Id.* ¶¶ 56-77.) This motion addresses Springboards' state-law claims.

Springboards filed suit on July 20, 2016, in the Northern District of Texas. (Doc. 1.) Defendants initially filed an unopposed motion to transfer venue, which was granted, and this case was transferred to the Southern District of Texas. (Doc. 5, 6.) This motion is the Defendants' first responsive pleading. By this motion, the Defendants seek to dismiss Springboards' state-law claims for failure to state a claim under Rule 12(b)(6).

## II.   STATEMENT OF ALLEGED FACTS

According to the allegations contained in its original complaint, Springboards designs, markets, and sells reading-related products under the Springboard brand, and Springboards is the owner of certain registered trademarks, including the terms "Millionaire Reader," "Million Dollar Reader," "Millionaire's Reading Club," and "Read a Million Words." (Doc. 1 ¶¶ 1-2.) Springboards alleges that it began marketing and selling products bearing its trademarks as early as 2005, and Springboards contends it sells hundreds of thousands of dollars of such goods and services each year. (Doc. 1 ¶¶5-7.)

Springboards further alleges that Defendants have infringed its trademarks by the unauthorized "manufacturing, advertising, promoting, distributing, offering for sale, and/or selling [of Counterfeit Products] throughout the State of Texas." (Doc. 1 ¶¶ 2-15.) Springboards alleges that "[t]he breadth of counterfeiting" by PSJA ISD and Galvan is "extensive," and that Defendants have allegedly "sold thousands of pieces of Counterfeit Products." (*Id.* ¶10.) To support this allegation, Springboards includes Exhibit B to the Original Petition, which appears to include screenshots of PSJA students being named "Millionaire Readers" or members of the

2

"Millionaires Club" and PSJA promoting the Millionaire Reader program at PSJA campuses. (Doc. 1-2, Exh. B.) Further, Springboards alleges that Defendants were aware of Springboards' brand and trademarks prior to these alleged actions and continue to engage in infringing activities with the knowledge that consumers will mistake the counterfeit products for genuine Springboards products. (Doc. 1 ¶18.)

Based on these allegations, Springboards brings claims against Defendants under various provisions of the Lanham Act, 15 U.S.C. §1051 et. seq., and section 16.103 of the Tex. Bus. & Com. Code. Springboards also asserts common law claims against Defendants for trademark infringement and unfair competition. (Doc. 1 ¶¶ 22-77.)

### III.   STATEMENT OF THE ISSUES

The Defendants move for dismissal pursuant to 12(b)(6) for failure to state a claim. In a motion to dismiss under Rule 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)). To state a valid claim for relief, a plaintiff is required to meet the pleading standard set forth in Rule 8(a)(2) of the Federal Rule of Civil Procedure, which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting FED. R. CIV. P. 8(a) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the Court must accept the specific factual allegations in the pleadings as true when deciding a motion to dismiss, *Hughes*, 278 F.3d at 420, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009).

Here, Springboards has failed to meet the minimum pleading standard as to any of its state law claims against the Defendants. For the reasons set forth below, these claims should be dismissed.

## IV.   SUMMARY OF THE ARGUMENT

Springboards' claims against PSJA for alleged violations of the Texas Anti-Dilution Statute are barred by governmental immunity. Similarly, Springboards' tort claims against PSJA ISD are barred by governmental immunity, as these claims do not fit within the limited waiver of immunity found in section 101.021 of the Texas Tort Claims Act. *See Ethio Express Shuttle Serv. v. City of Houston,* 164 S.W.3d 751, 757-58 (Tex. App.–Houston 2005, no pet.) (claims for conspiracy to commit fraud, business disparagement and slander, tortious interference with contract, conspiracy to tortiously interfere with contract, conspiracy to engage in unlawful restraint of trade not waived by the TTCA); TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.057.

Additionally, Springboards' tort claims against Galvan violate the election of remedies found in section 101.106(e) of the Texas Tort Claims Act and are subject to dismissal. *See Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); TEX. CIV. PRAC. & REM. CODE § 101.106(e).  Finally, Springboards' state law claims against Galvan fail because Galvan is immune under section 22.0511 of the Texas Education Code.

## V.   ARGUMENT AND AUTHORITY

### A.   Springboards' claim against PSJA for alleged violations of the Texas Anti-Dilution State is barred by governmental immunity.

Governmental immunity protects political subdivisions of the State of Texas, including school districts, from lawsuits for damages.  *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d

4

371, 374 (Tex. 2006). The doctrine of governmental immunity bars suit unless the State expressly waives immunity or consents to the suit. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex. 2009). Section 311.034 of the Texas Government Code mandates that "a statute shall not be construed as a waiver of immunity unless the waiver is effected by clear and unambiguous language." *See* TEX. GOV'T CODE §311.034. Furthermore, the Texas Supreme Court has unequivocally stated that "it is the Legislature's sole province to waive or abrogate sovereign immunity." *Texas Nat. Res. Cons. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) (citing *Federal Sign v. Texas. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997)).

Here, Springboards has not pled any express waiver of governmental immunity with respect to its claims under the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE §16.103, nor is undersigned counsel aware of any such waiver. Indeed, the undersigned counsel could find no case supporting the notion that a claim under the Texas Anti-Dilution Statute can be brought against a state governmental entity.

Accordingly, Springboards' claim against PSJA under the Texas Anti-Dilution Statute should be dismissed.

> **B.     Springboards' tort claims against PSJA ISD are barred by the Texas Tort Claims Act.**

PSJA is immune from suit for Plaintiff's state-law tort claims for trademark infringement and unfair competition. "A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity." *Forgan v. Howard Co., Tex.*, 494 F.3d 518, 520 (5th Cir. 2007) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 586-87 (Tex. 2001)).

The Texas Tort Claims Act ("TTCA") waives immunity only for three types of tort claims: (1) claims arising from the operation or use of motor-driven vehicles or equipment;
test

(2) claims caused by a condition or use of tangible personal or real property; and (3) claims arising from premise defects. TEX. CIV. PRAC. & REM. CODE § 101.021. In addition, the Texas Legislature explicitly excluded intentional torts from any such waiver. TEX. CIV. PRAC. & REM. CODE §101.057. Moreover, the TTCA limits the waiver to motor vehicles with respect to school districts. *Id.* §101.051. Accordingly, the only tort claims that can be brought against a school district under Texas law are those related to the operation of a motor vehicle. *See Naranjo v. Southwest I.S.D.*, 777 S.W.2d 190, 192 (Tex. App.–San Antonio 1989, writ denied) ("The legislature insulates school districts with narrow liability under the Tort Claims Act, by limiting their liability for torts 'except as to motor vehicles.'").

Here, Springboards' tort claims do not arise from the operation or use of a motor vehicle. Rather, Springboards' claims arise from alleged infringement of its registered and unregistered trademarks and unfair competition arising from PSJA's alleged infringement of Springboards' marks. Further, Springboards claims only intentional torts, and such claims are excluded from any waiver of immunity under the TTCA. Thus, there is no waiver in the TTCA for Springboards' claims for common-law trademark infringement and unfair competition asserted against PSJA. *See Ethio Express Shuttle Serv. v. City of Houston,* 164 S.W.3d 751, 757-58 (Tex.App. --- Houston 2005, no pet.) (claims for conspiracy to commit fraud, business disparagement and slander, tortious interference with contract, conspiracy to tortiously interfere with contract, conspiracy to engage in unlawful restraint of trade not waived by the TTCA). Accordingly, Plaintiff's common law tort claims against PJSA should be dismissed.

### C. Springboards' tort claims against Galvan are barred by Section 101.106(e) of the Texas Tort Claims Act.

Springboards asserts common-law tort claims of trademark infringement and unfair competition against Galvan. However, the TTCA includes a strict "Election of Remedies"

6

section that requires "a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone." *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *see also* TEX. CIV. PRAC. & REM. CODE § 101.106. This provision "narrows the issues for trial and reduces delay and duplicative litigation costs." *Garcia*, 253 S.W.3d at 657.

In particular, section 101.106(e) applies in suits against both a governmental unit and its employees (such as this one), and it states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). Furthermore, under section 101.106, suit "a suit filed under this chapter" includes any suit alleging any tort claims against both the governmental unit and its employees, regardless of whether the TTCA waives the governmental unit's immunity for such claims. *See Garcia*, 253 S.W.3d at 659 ("all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106.").

In this suit, Springboards asserts the tort claims of trademark infringement and unfair competition against both PSJA and Galvan. This violates the election of remedies set forth in Section 101.106(e), and the tort claims against Galvan should therefore be dismissed.

### D. Springboards' state law claims against Galvan fail because Galvan is immune under section 22.0511 of the Texas Education Code.

Springboards' state law claims are barred for the additional reason that Texas law grants immunity to certified educators, such as Galvan, for actions taken within the scope of their employment. Under the Texas Education Code, a professional employee of a school district is not personally liable for any act that is incident to or within the scope of the employee's position

7

of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students. *See* TEX. EDUC. CODE §22.0511. Whether an employee is acting incident to or within the scope of her employment is dependent on whether the complained of action was in furtherance of the employer's business and the objective for which the employee was hired. *See Kobza v. Kutac*, 109 S.W.3d 89, 94 (Tex. App.--Austin 2003, pet. denied) (citing *Chesshir v. Sharp*, 19 S.W.3d 502, 505 (Tex. App.--Amarillo 2000, no pet.)). An act is discretionary if it involves personal deliberation, decision, and judgment. *See Downing v. Brown*, 935 S.W.2d 112, 114 (Tex. 1996); *Kobza*, 109 S.W.3d at 95 (citing *Downing v. Brown*, 935 S.W.2d 112, 114 (Tex. 1996)).

Here, Galvan is a certified, professional employee of PSJA protected by the immunity afforded by section 22.0511.[1] Thus, Galvan can only be held liable for actions taken in the scope of her employment if they arise out of use of excessive force or negligence resulting in bodily injury to students. Springboards' claims regarding trademark infringement obviously do not fit within the narrow exceptions set forth in section 22.0511. Further, Springboards does not allege any facts demonstrating that Galvan's actions were outside the scope of her employment or ministerial in nature. Rather, Springboards' claims appear to arise out of discretionary acts Galvan carried out in the scope of her employment as a Library Coordinator with PSJA. Accordingly, Springboards' state law claims against Galvan should be dismissed.

---

[1] Defendants request the Court take judicial notice of Galvan's educator certification as reported on a publicly-available website and attached hereto as Exhibit A. In considering a motion to dismiss under Rule 12(b)(6), the court may take judicial notice of facts "determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." (citation omitted)).

## VI. CONCLUSION

The Defendants respectfully request that this Court grant this Motion to Dismiss and dismiss the state law claims asserted against them in Plaintiff's Original Complaint.

Respectfully submitted,

/s/ Darren G. Gibson
**Darren G. Gibson**
State Bar No. 24068846
O'Hanlon, McCollom & Demerath, P.C.
808 West Avenue
Austin, Texas 78701
Tel: (512) 494-9949
Fax: (512) 494-9919

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent *via the Court's Electronic Notification System* and by email, on August 29, 2016, to:

**RUBEN C. DELEON**
State Bar No. 00790577
DeLeon Law Group
15851 Dallas Parkway, Suite 600
Addison, TX 75001
rdeleon@deleonlawgroup.com

                                                /s/ Darren G. Gibson_____